# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

RANDALL MOORE,

    Plaintiff,

vs.                                                                              Civil No. 2:23-cv-02238-SHM-tmp

SHELBY COUNTY CRIMINAL
JUSTICE SYSTEM, ET AL.,

    Defendants.

### ORDER DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1, 5, 8, 10, 13, 14, 17, 18, 21, 22, 23, 24 & 26); GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE; AND DIRECTING CLERK TO MODIFY THE DOCKET

On April 21, 2023, Plaintiff Randall Moore, Tennessee Department of Correction identification number 652591, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (the "Complaint", ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). Moore was incarcerated at the Shelby County Criminal Justice Center (the "SCCJC") in Memphis, Tennessee when he filed the Complaint. (ECF Nos. 1 & 1-2 at PageID 3, 16.) On October 4, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 16.) Moore has filed numerous letters between April 2023 and December 2024 seeking to add allegations to the Complaint. (ECF Nos. 5, 8, 10, 13, 14, 17, 18, 21, 22, 23, 24 & 26.)

The Complaint and Moore's letters are consolidated for screening purposes as the "Consolidated Complaint." (ECF Nos. 1, 5, 8, 10, 13, 14, 17, 18, 21, 22, 23, 24 & 26.)

The Consolidated Complaint is based on incidents that occurred at the SCCJC, Regional One Hospital (the "ROH"), Bledsoe County Correctional Complex (the "BCCC") and Morgan County Correctional Complex (the "MCCC") from April 2023 through December 2024, between Moore and various employees of SCCJC, BCCC, MCCC, and ROH.  (*See* ECF Nos. 1, 5, 8, 10, 13, 14, 17, 18, 21, 22, 23, 24 & 26.)  The Consolidated Complaint is liberally construed to assert delay or denial of medical care, conditions of confinement, and verbal harassment in violation of the Eighth Amendment.  (ECF Nos. 1, 5, 8, 10, 13, 14, 17, 18, 21, 22, 23, 24 & 26 at PageID 2, 9, 16, 21, 34, 39, 47, 49, 57, 59, 61-62, 64, 70.)  Moore names two Defendants: (1) Shelby County Justice System; and (2) the ROH.  (ECF No. 1 at PageID 1, 2.)  Moore seeks twenty million dollars ($20,000,000.00) as "compensation for excruciating pain [and] suffering[.]"  (ECF No. 1 at PageID 2-3.)

For the reasons explained below: (1) the Consolidated Complaint (ECF Nos. 1, 5, 8, 10, 13, 14, 17, 18, 21, 22, 23, 24 & 26) is **DISMISSED WITHOUT PREJUDICE IN PART** and **WITH PREJUDICE IN PART**; and (2) leave to amend the claims dismissed without prejudice is **GRANTED**.

I. <u>BACKGROUND</u>

The Court assumes Moore's allegations are true for the purpose of screening the Consolidated Complaint.  Moore alleges that "[t]hey have denied paying for my treatment[]" and that his requests for "medical care for my cancer" have been denied.  (ECF No. 1 at PageID 2.)  Moore alleges ROH has "wrongfully charged my insurance carrier" when the "Justice System" is responsible.  (*Id.*)  Moore alleges that ROH "erased my medical records" and that Dr. Webb at the SCCJC, who is not named as a defendant, can corroborate that allegation.  (ECF No. 5 at PageID

2

9.) Moore alleges that he is not receiving any medical treatment for a growing cyst and that he has been "trying to get medical treatment for [his] ear." (*Id.*) Moore alleges that his sleeping mat "has lice" and that his mouth "is broken out in sores." (*Id.*) Moore alleges that he needs antibiotics. (*Id.*)

Moore alleges he has been billed for an "MRI, catscan [and] ultrasound" that he received while incarcerated. (ECF No. 10 at PageID 21.) Moore does not allege a date that he received these tests. (*See id.*) Moore alleges that in August 2023, he did not receive "adequate medical treatment" and that his tumor was growing. (ECF No. 10 at PageID 21.)

Moore alleges that "jail administration is being dishonest." (ECF No. 13 at PageID 34.) Moore alleges SCCJC transported Moore to BCCC "in an attempt to bypass paying for my dire medical needs [and] [BCCC] sent [Moore] back [to SCCJC] the same day." (*Id.*) Moore alleges SCCJC is not providing Moore with "the correct care" because Moore is "troublesome." (*Id.*) Moore alleges his "hot water release button" is broken and that it can take days or weeks for the button to be fixed. (*Id.*) Moore alleges that he has made many sick call requests and that his pain medicine prescriptions have been restarted and cancelled. (*Id.*) Moore alleges that "I am in severe pain." (*Id.* at PageID 34-35.)

Moore alleges he was seen at ROH and returned to the SCCJC on September 11, 2023. (ECF No. 14 at PageID 39.) Moore alleges that "[t]hey wanted me to sign papers saying I refuse treatment." Moore alleges that "they" have not treated "the issue." (*Id.*) Moore alleges "they" have diagnosed Moore with cancer and that "they" have been lying to him. (*Id.*) Moore alleges his pain medication has been stopped and that he can "hardly sleep at night." Moore alleges that he needs medical treatment. (*Id.*)

3

Moore alleges that he is "still awaiting to have x-rays conducted regarding my tumor." (ECF No. 17 at PageID 47.) Moore alleges that he has made medical requests to receive baby aspirin for muscle spasms and "reduced blood circulation" and that those requests have been denied. (*Id.*) Moore alleges that he has been denied medical treatment for what "feels like [a] bug" in his ear. (*Id.*)

Moore alleges receiving an ultra-sound and that he was told by the nurse that his tumor "has grown." (ECF No. 18 at PageID 49.) Moore alleges that he has received no radiation treatment or surgery. (*Id.*) Moore alleges that he is being housed in the general population and that he needs to be housed in "an area where [his] needs can be effectively accommodated." (*Id.*) Moore alleges that "[t]hey try to avoid giving me medical treatment" by transferring Moore to BCCC, but that BCCC "sent me right back[.]" (*Id.*)

Moore alleges that he was transferred to BCCC on or around April 9th[1] and that he was in "more pain than ever." (ECF No. 21 at PageID 57.) Moore alleges that while at BCCC he was "still not getting the proper care." (*Id.*) Moore alleges suffering from a hernia "the size of [a] golf ball" and a swollen foot that requires "special shoes[.]" (*Id.*) Moore alleges that he needs to transferred to "Special Needs: Nashville[.]" (*Id.*) Moore alleges that "[t]hey have violated my medical rights[.]" Moore alleges he is being "charged" for medical treatments. (*Id.*) Moore alleges that his growing hernia needs "medical treatment[]" and that the dye from "clothes here [is] causing people to break out in rashes[.]" (*Id.*) Moore "request[s] a catscan and ultrasound" to assess his "health problems." (*Id.*)

Moore alleges that his body is "breaking out" and he is not receiving the correct medication for his skin at BCCC. (ECF No. 23 at PageID 61.) Moore alleges that Officer Skylar, who is not

---

[1] Moore does not allege the year of his transfer to BCCC. (*See* ECF No. 21).

4

named as a Defendant, called him a "[b]itch." (*Id.*) Moore alleges that he is not receiving money, hygiene or his indigent kit. (*Id.*) Moore alleges that he is being given medication that "is not helping." (ECF No. 24 at PageID 64.) Moore alleges that his "lung cancer has done flaired (sic) back up" and that he is not receiving "any medical treatment." Moore alleges that he has difficulty breathing and walking. (*Id.*)

## II.   SCREENING

### A.   LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires

factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Moore sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III. ANALYSIS

#### A. Shelby County Criminal Justice System

Moore names the Shelby County Criminal Justice System "at 201 Poplar" as a Defendant. (ECF No. 1 at PageID 1-2.) Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)).

The Clerk is **DIRECTED** to modify the docket to remove the Shelby County Criminal Justice System as a Defendant and to add Shelby County, Tennessee as a Defendant.

6

B.  **Shelby County, Tennessee**

Shelby County may be held liable only if Moore's injuries were sustained pursuant to an unconstitutional custom or policy of Shelby County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Moroe does not allege that he has been deprived of a right because of a Shelby County policy or custom. Moore instead seeks relief based on his general allegations about his treatment at SCCJC. Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). The allegations of the Consolidated Complaint in this case fail to identify an official policy or custom of Shelby County which caused injury to Moore.

Moore does not state a claim against Shelby County, Tennessee. Moore's claims against Shelby County, Tennessee are **DISMISSED WITHOUT PREJUDICE**.

7

### C. ROH

Moore names the ROH as a Defendant. (ECF No. 1 at PageID 2.)

ROH's website demonstrates that it is a private organization with no supervisory oversight by a governmental entity. (*See* https://www.regionalonehealth.org/discover-us/ (last accessed July 17, 2025). That distinction is dispositive for Moore's § 1983 claims against ROH.

"A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). To be considered to have acted "under color of state law," an individual must be a state or local government official or employee. A private party may act under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).

Moore makes no factual allegations about any of these potential "state actor" circumstances. There is nothing in the record from which the Court may plausibly infer that ROH is a state actor for § 1983 purposes. Moore fails to state a claim to relief against ROH, and that claim is **DISMISSED WITH PREJUDICE.**

### IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir.

8

2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend the Consolidated Complaint under the conditions set forth below.

V. **CONCLUSION**

For the reasons set forth above:

A. The Clerk is **DIRECTED** to add Shelby County, Tennessee as a Defendant and to terminate the reference to Shelby County Criminal Justice System as a Defendant on the docket;

B. Moore's § 1983 claims against Shelby County, Tennessee are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

9

C. Moore's § 1983 claims against the ROH are **DISMISSED WITH PREJUDICE** for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Leave to amend the claims dismissed with prejudice is **DENIED**;

D. Leave to amend the claims dismissed without prejudice is **GRANTED**. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of Moore's claims. An amended complaint supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings. Moore or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Moore fails to file an amended complaint within the time specified, the Court will dismiss the Consolidated Complaint with prejudice and enter judgment. For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); and

E.  Moore must promptly notify the Clerk, in writing, of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

**IT IS SO ORDERED**, this *17th* day of July, 2025.

>  */s/ Samuel H. Mays, Jr.*
>  SAMUEL H. MAYS, JR.
>  UNITED STATES DISTRICT JUDGE